PHILIP LAU, Plaintiff-Appellant,
v.
SIGNATURE CAB HOLDINGS, INC. aka/dba THE CAB; HOWARD M. HIGA; WAYNE GREENLEAF; BELINDA BENNETT; DON SUN; and JAMES JUNG SOO KIM, Defendants-Appellees, and
DOE CORPORATIONS 1 TO 10 and DOE INDIVIDUALS 1 TO 20, Defendants.
No. 28985.
Intermediate Court of Appeals of Hawaii.
February 13, 2009.
On the briefs:
Philip Lau, Plaintiff-Appellant pro se.
William W. Milks for Defendants-Appellees.

SUMMARY DISPOSITION ORDER
By: Foley and Fujise, JJ.; and Watanabe, Presiding Judge, concurring separately
Plaintiff-Appellant Philip Lau (Lau), pro se, appeals from the Final Judgment filed on January 4, 2008 in the Circuit Court of the First Circuit (circuit court).[1] The circuit court entered judgment in favor of Defendants-Appellees Signature Cab Holdings, Inc., aka/dba The Cab (TheCab),[2] Howard M. Higa, Wayne Greenleaf, Belinda Bennett, Don Sun, and James Jung Soo Kim[3] (collectively, Signature Parties) and against Lau.
On appeal, Lau argues that the circuit court erred by admitting the complaint reports (complaints) and Driver's Handbook excerpt (excerpt) into evidence over Lau's objection because the complaints and excerpt were inadmissible hearsay. Lau asks this court to vacate the Final Judgment and remand this case for a new trial.
Upon careful review of the record and the briefs submitted by the parties and having given due consideration to the arguments advanced and the issues raised by the parties, as well as the relevant statutory and case law, we resolve Lau's point of error as follows:
The circuit court did not err in admitting the complaints into evidence. Hawaii Rules of Evidence (HRE) Rule 801 (Supp. 2008) defines "hearsay" as "a statement, other than one made by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted." Furthermore,
[t]he Notes of the Advisory Committee on [Federal Rules of Evidence (FRE)] Rule 801(c) explain that:
The definition follows along familiar lines in including only statements offered to prove the truth of the matter asserted. If the significance of an offered statement lies solely in the fact that it was made, no issue is raised as to the truth of anything asserted, and the statement is not hearsay. The effect is to exclude from hearsay the entire category of "verbal acts" and "verbal parts of an act," in which the statement itself affects the legal rights of the parties or is a circumstance bearing on conduct affecting their rights.
Island Directory Co. v. Iva's Kinimaka Enters., Inc., 10 Haw. App. 15, 20-21, 859 P.2d 935, 939 (1993) (ellipses omitted; emphasis in original).
In Island Directory, this court held that a written document was not hearsay because it was offered to prove that it was made, not that its contents were true, and was highly relevant because its legal effect was at issue. Id. at 22, 859 P.2d at 939-40. In the instant case, the complaints were not offered into evidence to prove their truth, but to prove that they had been made and were kept within Lau's personnel file.
Where the complaints were thus not hearsay, we hold that the circuit court did not err in admitting them into evidence.[4]
Therefore,
The Final Judgment filed on January 4, 2008 in the Circuit Court of the First Circuit is affirmed.
I concur in the result.
NOTES
[1] The Honorable Glenn J. Kim presided.
[2] In his Complaint, Lau names Signature Cab Holdings, Inc. aka/dba The Cab as one of the defendants. In its Findings of Fact, Conclusions of Law, and Order and the Final Judgment, the circuit court refers to the company as Signature Cabs Holdings, Inc. aka/dba The Cab. The record on appeal refers to the company as Signature Taxicab Holdings, Inc. dba The Cab. We will use the name Signature Cab Holdings, Inc. in this opinion because this was the name used in the Taxi Radio Dispatch Agreement between Lau and the company.
[3] The record on appeal incorrectly splits James Jung Soo Kim into two individuals: James and Jung Soo Kim.
[4] We do not address Lau's claim concerning the excerpt because he fails to provide the reasons for this contention and to cite to the authorities, statutes, and parts of the record relied on, as required by Hawai'i Rules of Appellate Procedure Rule 28(b)(7).